IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

TERRY STUCKEY,

    **Plaintiff,**

v.                                        CIVIL ACTION NO. 2:12cv386

CAROLYN W. COLVIN,[1]
Acting Commissioner of Social Security

    **Defendant.**

*MEMORANDUM OPINION AND ORDER*

This matter is currently before the Court on Plaintiff Terry Stuckey's objection to the Magistrate Judge's Report and Recommendation. For the reasons set forth below, the Magistrate Judge's Report and Recommendation (ECF No. 13) is **ADOPTED**, Defendant's Motion for Summary Judgment (ECF No. 11) is **GRANTED**, Plaintiff's Motion for Summary Judgment (ECF No. 9) is **DENIED**, and the decision of Defendant, the Commissioner of the Social Security Administration, to deny Social Security Act disability insurance benefits and supplemental security income is **AFFIRMED**.

**I. FACTUAL AND PROCEDURAL HISTORY**

In 2010, Terry Stuckey ("Plaintiff"), filed an application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Certified Administrative Record 167-172 (hereafter abbreviated as "R."). In his application, Plaintiff alleged that he has been disabled since June 4, 2008 due to a back injury, knee pain, high blood pressure and anxiety. *Id.* The Commissioner of the Social Security Administration ("Commissioner" or "Defendant") initially

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), she is substituted for Michael J. Astrue as the Defendant in this suit.

1

denied Plaintiff's application on December 1, 2010 and upon reconsideration, denied his application again on July 25, 2011. R. 126-39.

Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). R. 147-48. The hearing took place on December 29, 2011. R. 32. On January 18, 2012, the ALJ issued a decision denying Plaintiff's claim for DIB and SSI, finding that he was not disabled under the Social Security Act. R. 18-27. The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in the Social Security Administration's official listing, Plaintiff had the residual functional capacity ("RFC") to perform light work consisting of occasional postural activity, and Plaintiff was capable of performing his past relevant work as utility foreman in road construction as actually or generally performed. R. 22-26. On April 27, 2012, the Appeals Council denied Plaintiff's appeal. R. 7-12. The Appeals Council denied his appeal again on May 21, 2012 after considering additional medical evidence. R. 1-6.

On July 18, 2012, Plaintiff, by counsel, filed a complaint seeking this Court's review of the denial by the Commissioner. The parties filed cross-motions for summary judgment on October 26, 2012 and November 27, 2012. On December 12, 2012, this Court entered an order referring this action to United States Magistrate Judge Lawrence R. Leonard ("Magistrate Judge") to conduct hearings and submit proposed findings of fact and, if applicable, recommendations for the disposition of this matter.[1] On August 23, 2013, the Magistrate Judge filed his Report and Recommendation ("R&R"), in which he recommends that the decision of the Commissioner be affirmed. On September 4, 2013, Plaintiff filed an objection to the R&R.

---

[1] Under 28 U.S.C. § 636(b)(1)(B), "a judge may also designate a Magistrate Judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition . . . ."

On September 16, 2013, Defendant responded to Plaintiff's objection. This matter is now ripe for disposition by the Court.

## II. LEGAL STANDARD

When considering a party's objections to the findings and recommendations of the Magistrate Judge, a district judge "must determine de novo any part of the Magistrate Judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also Wimmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985) ("[A]ny individual findings of fact or recommendations for disposition by [the Magistrate Judge], if objected to, are subject to final *de novo* determination...by a district judge...."). Under *de novo* review, the Magistrate Judge's R&R carries no presumptive weight, and the district court may accept, reject or modify the report, in whole or in part, and may recommit the matter to the Magistrate Judge with instructions. *Halloway v. Bashara*, 176 F.R.D. 207, 209-10 (E.D. Va. 1997); Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the Magistrate Judge with instructions."). When conducting this *de novo* determination, a district court judge must give "fresh consideration" to the relevant portions of the Magistrate Judge's R&R. *United States v. Raddatz*, 447 U.S. 667, 675 (1980).

A court reviewing a decision made under the Social Security Act must determine whether the factual findings are supported by substantial evidence and were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.* (citations omitted). In reviewing for substantial evidence, the Court does not re-weigh conflicting evidence, make credibility determinations or substitute its judgment for

that of the Commissioner. *Id.* The Commissioner's findings as to any fact, if supported by substantial evidence, are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971).

## III. DISCUSSION

Plaintiff has asserted one principal objection to the R&R.[2] He contends that the R&R fails to consider that the ALJ did not sufficiently resolve a conflict between the Vocational Expert's ("VE") testimony and the Dictionary of Occupational Titles ("DOT"). Pl. R&R Obj. at 2. Plaintiff's objection to the ALJ's determination that there is substantial evidence of his capacity to perform his past relevant work as generally performed based on the VE's testimony is primarily relevant for the fourth step of the sequential analysis that the Commissioner and ALJ follow in making a disability determination. 20 C.F.R. § 404.1520.

Under existing Social Security Act regulations, the ALJ must make a series of sequential, fact determinations to establish whether a claimant is eligible for disability benefits. *See* 20 C.F.R. § 404.1520. As the regulations require, the ALJ must carefully consider (1) whether the disability claimant is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that equals a condition contained within the Social Security Administration's

---

[2] This objection is the principal objection to the R&R. Plaintiff also challenges the Magistrate Judge's citation to two decisions from other circuits' Courts of Appeals and one case from a District Court outside of the Fourth Circuit. This challenge has no merit. While published cases in the Fourth Circuit are binding precedent, well-reasoned decisions of other circuits can be highly persuasive in the Court's analysis of a legal issue, even in the absence of precedential value. *See, e.g., Basic Boats, Inc., for Use & Benefit of Lumbermens Mut. Cas. Co. v. United States*, 311 F. Supp. 596, 597 (E.D. Va. 1970) ("Recognizing that the decisions of the United States Court of Appeals for the First Circuit are not absolutely binding upon a district court in another circuit, such decisions are nevertheless highly persuasive."). This is especially true when the relevant appeals court has yet to settle an issue that other circuits have addressed, which is the circumstance here since the Fourth Circuit has not specified the level of inquiry the ALJ is required to make into the existence of a conflict between the VE's testimony and the DOT. *See, e.g., Smith v. Colvin*, 2013 WL 5966427 (N.D. W. Va. Nov. 8, 2013) ("Although the Fourth Circuit Court of Appeals has not affirmatively answered this dispute, other courts in this circuit as well as other courts of appeals have held that SSR 000-4p is satisfied by the ALJ asking the VE if his testimony is consistent with the DOT."); *see also Morrison v. Astrue*, 2011 WL 1303651 (W.D. N.C. Mar. 31, 2011) ("As there were no decisions of precedential value [on the issue of the application of the older age category in a borderline age situation] within the Fourth Circuit, Judge Cayer properly turned to decisions of other circuits, which can be highly persuasive.").

official listing of impairments; (4) has an impairment that prevents her from past relevant work; and (5) has an impairment that prevents her from any substantial gainful employment. 20 C.F.R § 404.1520(a)(4). The United Stated Court of Appeals for the Fourth Circuit ("Fourth Circuit") has held that at the fourth step, the Commissioner asks whether a claimant can perform past relevant work as "either as he performed it in the past or as it is generally required by employers in the national economy," despite any impairment. *Pass v. Chater*, 65 F.3d 1200, 1207 (4th Cir. 1995); SSR 82-61. If the answer is yes, then a claimant is not considered disabled.

In assessing a claimant's disabled status, the ALJ will consider both the DOT and the testimony of a VE. *Fisher v. Barnhart*, 181 F. App'x. 359, 365 (E.D. Va. 2006); SSR 00-4P, 2000 WL 1898704 at *2 (noting that the DOT and testimony of the VE should typically be consistent). Social Security Ruling ("SSR") 00-4p provides that "when there is an apparent unresolved conflict between [VE] evidence and the [DOT], the adjudicator must elicit a reasonable explanation for the conflict . . ." and "resolve the conflict by deciding if the [VE's] explanation or the conflict is reasonable." *Fisher*, 181 F. App'x at 365 (citing SSR 00-4p). In such situations, the ALJ must: (1) ask the VE if the evidence provided conflicts with the DOT, and (2) if the VE's testimony appears to conflict with the DOT, obtain a reasonable explanation for the conflict. SSR 00-4p, 2000 WL at *4. The ALJ must resolve this conflict before relying on the VE's testimony to make his ultimate disability determination. *Fisher*, 181 F. App'x at 365 (citing SSR 00-4p).

The Fourth Circuit has declined to place an obligation on the ALJ to uncover conflicts between VE and DOT evidence, but requires the ALJ to inquire if discrepancies between a VE's testimony and the DOT exist and to resolve such discrepancies. *Justin v. Massanari*, 20 F. App'x 158 (4th Cir. 2001); *see also Smith v. Colvin*, 2013 WL 5966427 (N.D. W. Va. Nov. 8,

5

2013) ("Social Security Ruling 00-4p does not require an ALJ to 'conduct an independent investigation into the testimony of witnesses' nor is an ALJ required to explain how a conflict was resolved if 'the plaintiff did not bring the vocational expert's mistake to the ALJ's attention.'") (quoting *Boggs v. Astrue*, 2012 WL 5494566 (N.D. W. Va. Nov. 13, 2012)); *Martell v. Comm'r of Soc. Sec.*, 2011 WL 53186 (N.D. W. Va. Jan. 7, 2011) (explaining that *Justin v. Massanari* is "an unpublished Fourth Circuit case holding that an ALJ must only address evident discrepancies between a VE's testimony and the DOT, but is not obligated to uncover discrepancies."). Once the ALJ fulfills its "affirmative responsibility" to inquire about possible conflicts and, if necessary, resolve reasonably explained conflicts, the ALJ may accept the VE's testimony in its consideration of whether there is substantial evidence of disability. *Brock v. Astrue*, 2007 WL 4287721 (E.D. N.C. Dec. 5, 2007) (citing SSR 00-4p, 2000 WL 1898704, at *4 (Dec. 4, 2000) (internal quotations omitted).

Here, the DOT describes the job of utility foreman in road construction as "light skilled work." R&R at 5; *see also* 20 C.F.R. § 404.1567(b). The VE testified that Plaintiff was capable of performing the job of utility foreman in road construction, generally characterized as light skilled work in the DOT but actually performed by the claimant at the medium exertional level. R. 54. The VE concluded that Plaintiff's RFC rendered him capable of performing the job of utility foreman in road construction as generally required by employers nationally. *Id.* However, the VE failed to assign a DOT code number to the job of utility foreman she discussed. R&R at 7. At the close of the VE's testimony, the ALJ asked the VE if her testimony conflicted with the DOT. R. 57. She responded that her testimony did not conflict with the DOT. *Id.* Plaintiff argues in his objection that there was an "apparent unresolved conflict" at the hearing that the ALJ failed to address. Plaintiff asserts that the VE's testimony mischaracterized his

previous occupation as a light exertional job because Plaintiff engaged in medium to very high exertion in his past work.[3] Pl. R&R Obj. at 6. Plaintiff attempts to argue that since the VE did not identify a DOT code number for her utility foreman designation, her testimony could have related to the occupations of utility worker or a supervisory foreman in another industry, which demand conflicting exertional levels. Pl. R&R Obj. at 6.

The ALJ did not find that the VE testified inconsistently with the DOT description of a utility foreman in road construction. R. 26. This finding of no apparent unresolved conflict was based on not only the VE's testimony but also Plaintiff's work and medical reports, Plaintiff's testimony that he was a foreman on utility construction projects, and the Plaintiff counsel reference to Plaintiff as a utility foreman on road construction projects at the hearing and in a letter to the Appeals Council. R&R at 7-8. The record establishes Plaintiff's past occupation as that of a utility foreman in road construction, for which the ALJ identified the corresponding DOT code number in his decision. R. 26. The ALJ concluded that there was substantial evidence that Plaintiff was capable of performing the light skilled work generally required of a utility foreman in road construction to support Commissioner's denial of DIB and SSI.

Not only was the ALJ unable to find an apparent conflict between the VE testimony and the DOT code number description of the job that Plaintiff previously performed, Plaintiff's counsel did not object to any such conflict at the hearing. Counsel declined to cross-examine the VE regarding any ambiguities in her testimony, even though cross-examination presented her an opportunity to elicit specific DOT code numbers relied upon as evidence. R&R. at 8. Plaintiff

---

[3] Plaintiff cites *McFarlin v. Colvin*, 2013 U.S. Dist. LEXIS 120753 (D.S.C. Jul. 21, 2013) and *Hosey v. Comm'r of Soc. Sec.*, 2013 U.S. Dist. LEXIS 45658 (N.D. W. Va. Mar. 29, 2013) to reiterate that it is not enough for the ALJ to simply ask the VE if her testimony conflicts with the DOT if an apparent unresolved conflict exists. Plaintiff also cites this Court's own decision in *Myers v. Astrue*, 2012 U.S. Dist. LEXIS 140985 (E.D. Va. Sept. 28, 2012) (Jackson, J.). However, these cases are unavailing to Plaintiff. These holdings are distinguishable from the instant case because they involve circumstances where there was a direct on-its-face conflict between the VE testimony and the DOT. Here, the VE testimony of the work performed by a utility foreman and the DOT code number designation of the job of utility foreman is consistent.

depends on the *Weaver v. Colvin* decision to establish that "a claimant does not forfeit or waive her right to raise this particular issue before the district court if the claimant failed to raise it at the ALJ hearing." *Weaver v. Colvin*, 2013 WL 3989561 (M.D. N.C. Aug. 2, 2013); Pl. R&R Obj. at 2-3. However, the R&R does not suggest that Plaintiff's objection be forfeited or waived. It suggests only that there is no good excuse for counsel's failure to raise this objection earlier during the hearing.[4] R&R. at 9. The R&R does not suggest that counsel's failure to reference the conflict at the hearing discharged the ALJ's affirmative duty to explore discrepancies, which is consistent with *Weaver* and the decisions of other courts. *See, e.g., Martell v. Astrue*, 2010 WL 5557047 (N.D. W. Va. Sept. 21, 2010) ("The court ... found that the claimant was 'not required to raise this issue at the hearing because the Ruling places the burden of making the necessary inquiry on the ALJ.'") (internal citations omitted).

The R&R did not find an apparent unresolved conflict here because "the record upon which the ALJ relied clearly established Mr. Stuckey's occupation as that of a utility foreman," characterized by the DOT and the VE as light work but performed by Plaintiff with a medium exertional level. R&R at 6. The Magistrate Judge found that the ALJ addressed any confusion that may have existed by identifying the DOT code number that corresponds to the job of utility foreman in road construction. *Id.* Accordingly, the Magistrate Judge determined that the ALJ did not erroneously rely on the VE's testimony because the VE did not testify inconsistently with the DOT description of a utility foreman in road construction job's exertional level.[5]

---

[4] This determination of no good cause for counsel's failure to object at the hearing is consistent with the court's holding in *Schrader v. Astrue* that if the conflict between the VE and the DOT was not sufficient to object to at the hearing, "'claimants should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the voluminous provisions of the DOT, and then present that conflict as reversible error'" afterward. 2013 WL 1192315, slip op. at *5 (N.D. W. Va. Mar. 22, 2013) (citing *Haas v. Barnhart*, 91 F. App'x. 942, 947-48 (5th Cir. 2004)).

[5] The Court notes that while it does not find an apparent conflict between the VE testimony and the DOT code number associated with the job of utility foreman, SSR 00-4p acknowledges that neither the DOT nor the VE's testimony trumps if a conflict exists. *Fisher*, 181 F. App'x at 365. Therefore, even if there had been an apparent

The Court concludes that the ALJ's inquiry into the consistency of the VE testimony and the DOT description of the job of utility foreman in road construction was sufficient. The Court does not discern an apparent unresolved conflict between the VE testimony and the DOT because the ALJ resolved any lingering ambiguity by reciting the specific DOT code number that corresponds with the past work Plaintiff, Plaintiff's Counsel, the VE and the ALJ assert Plaintiff performed in the vocationally relevant past. Accordingly, the Court **FINDS** that the ALJ's decision is supported by substantial evidence and provides a sufficient basis for the Magistrate Judge's recommendation that the ALJ decision be adopted.

## IV. CONCLUSION

After careful *de novo* review of the objection to the Magistrate Judge's Report and Recommendation, the Court finds that there is no meritorious reason to sustain Plaintiff's objection. The Court does hereby **ACCEPT** and **ADOPT** the findings and recommendations set forth in the report of the United States Magistrate Judge filed August 23, 2013. The Final Decision of the Commissioner is **AFFIRMED**. Judgment is hereby entered in favor of the Commissioner.

The Court **DIRECTS** the Clerk to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

/s/
Raymond A. Jackson
United States District Judge

Norfolk, Virginia
November 25, 2013

---

conflict, as long as the ALJ decided that the VE's explanation or the conflict was reasonable, the ALJ could have relied on the VE's testimony.